OPINION OF THE COURT
Peter J. Newman, J.
Defendant Kevin Shaughnessy is charged under docket No. 6301/94 with a scheme to defraud (Penal Law § 190.60) and false advertising (Penal Law § 190.20). The court notes that the instant decision pertains only to the charges against the individual defendant and not to related charges against Crown Answering Service, Inc. under docket No. 20603/95. The defendant has moved to dismiss on double jeopardy grounds. The court has reviewed the moving and answering papers and heard oral argument on the motion. On October 9, 1996 this *766 court announced its decision on the defendant’s motion, with a formal written order incorporating said decision to follow.
In April 1994 the within defendant was arrested and a search warrant was executed in connection with the conduct involved herein. An accusatory instrument dated April 9, 1994 was filed in this court. Count one of said instrument alleged that the defendant engaged in a scheme to defraud by means of the following enumerated conduct: "The defendant, owner of Crown Answering Service [sic] authorized the calling of people’s telephone number [sic] under the pretense that they were a radio station. This phone call would lead you to believe that you won a prize and to call a telephone number. They would deceive you when you call their number by failing to properly reveal the cost of the phone call. The [complainant] is one of numerous victims.” In count two of the instrument, it was alleged that the defendant committed the offense of false advertising by making such "false” and "misleading” statements "with intent to increase the consumption of services namely generating 540 telephone calls”.
On April 19, 1994 the New York State Attorney-General commenced a proceeding against this defendant, among others, seeking restitution, penalties and a permanent injunction for their conduct in telephone solicitation. Such proceeding was brought pursuant to the provisions of Executive Law § 63 (12) and General Business Law §§ 349, 350 and 399-p. On September 30, 1994 a memorandum decision was issued by the Supreme Court of Suffolk County (Newmark, J.), granting the Attorney-General’s petition. A proposed judgment was settled on notice and, following a Supreme Court hearing regarding the respondents’ objections thereto, the proposed judgment, as modified, was signed on July 25, 1995.
Pursuant to the Supreme Court judgment, defendant Kevin Shaughnessy was permanently enjoined within the State of New York from operating, managing or participating in the particular type of telephone business that formed the basis of the proceeding or from engaging in any consumer business in the State without first posting a $2 million performance bond. The defendant was required to place advertisements in newspapers in various geographical areas of the State in order to provide notice to eligible consumers as to their right to receive such credits or refunds and New York Telephone Company was required to retain all sums collected for charges to the defendant’s interactive information network services numbers for purposes of applying such sums to billing credits. *767 Additionally, full restitution was ordered in the form of refunds or billing credits for all eligible consumers billed for calls to the defendant’s "540” telephone lines between July 1, 1990 and April 6, 1994 and costs of the Supreme Court proceeding were assessed against the defendant in the sum of $2,000.
Of most significance with regard to the motion presently before this court, section IV of the Supreme Court judgment provided that the defendant was to pay to the New York State Attorney-General the sum of $500,000 as penalties pursuant to General Business Law § 399-p (9); §§ 349 and 350 and, in the event that any consumers to whom restitution was owed pursuant to the judgment could not be located, those monies were to be paid to the State as additional penalties. It is the imposition of the $500,000 penalty that forms the basis of the defendant’s motion to dismiss this prosecution on double jeopardy grounds.
Article I, § 6 of the New York State Constitution provides that "[n]o person shall be subject to be twice put in jeopardy for the same offense” and it has been held that the guarantee against double jeopardy contained in the Fifth Amendment to the United States Constitution is applicable to the States through the Fourteenth Amendment. (See, Benton v Maryland, 395 US 784.) It has been held that the Double Jeopardy Clause embodies three separate constitutional protections: (1) protection against a second prosecution of the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction, and (3) protection against multiple punishments for the same offense. (See, North Carolina v Pearce, 395 US 711.) The gravamen of the defendant’s motion to dismiss is based upon the prohibition against multiple punishment for the same offense.
Initially, this court finds that the Supreme Court and District Court proceedings do involve the same conduct. The Attorney-General’s petition, as well as the Supreme Court judgment and its accompanying memorandum decision, specifically recite conduct by the defendant concerning false advertising and deceptive, fraudulent and illegal business practices and the penalties section of the Supreme Court judgment specifically cites General Business Law provisions regarding false advertising and deceptive acts and practices in the conduct of a business. The factual allegations of the within accusatory instrument are clearly encompassed by the conduct dealt with in the Supreme Court proceeding. The People, via an affirmation of Assistant District Attorney Arthur P. Scheuermann on a prior *768 motion in this criminal action, in fact concede that the same conduct is involved in both proceedings.
Having found the existence of two proceedings based upon the same conduct, this court must then determine whether the prosecution of this criminal action would result in the defendant being twice punished for such conduct. In the Supreme Court proceeding, the Attorney-General recovered monetary sanctions pursuant to civil penalty statutes, rather than in the context of a criminal action. Notwithstanding such circumstances, however, the 1989 United States Supreme Court case of United States v Halper (490 US 435) provides a framework for determining whether and under what circumstances a civil penalty may constitute punishment for double jeopardy purposes. It is clear that neither the "civil”/"criminal” labels nor the order of the two proceedings is dispositive of the issue. This court has analyzed the instant motion pursuant to the guidelines set forth in Halper in order to assess the character of the sanctions imposed on the defendant by the State. The Halper Court held that the purposes actually served by the sanctions in question must be evaluated and that a sanction constitutes punishment when the sanction as applied in an individual case serves the goals of punishment, namely, retribution and deterrence. (See, United States v Halper, supra, at 447-449.)
With regard to the $500,000 sanction previously imposed on this defendant, it is the finding of this court that the People have failed to demonstrate that same does not constitute a penalty or to support their contention that the sanction was imposed for remedial purposes. Although not dispositive of the question, this court notes that Justice Newmark specifically and repeatedly categorized the $500,000 sanction as a "penalty”. Such sanction was in addition to injunctive relief, provisions for full restitution and court costs. The Attorney-General’s office in fact specifically sought all of the sanctions imposed, including penalties. After hearing and evaluating the parties’ submissions and oral argument herein, this court is unpersuaded that the $500,000 sanction previously imposed on the defendant was remedial in nature. Rather, the People conceded during oral argument that such sanctions are an attempt to regulate big business and to shape a defendant’s conduct and that there is in fact a deterrent aspect to the General Business Law sections under which the $500,000 penalty was imposed on this defendant.
As it is the finding of this court that the defendant has been previously punished for the same conduct involved herein, *769 prosecution of this criminal action would constitute multiple punishment for the same oifense in violation of the Double Jeopardy Clause. Accordingly, the defendant’s motion to dismiss the accusatory instrument under docket No. 6301/94 on said ground is hereby granted. The defendant’s additional motion to dismiss based upon the alleged loss or alteration of evidence obtained pursuant to a search warrant is therefore denied as moot.